IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EMPLOYERS AND ILLINOIS OPERATIVE PLASTERERS AND CEMENT MASONS LOCAL 18 ANNUITY FUND, OPERATIVE PLASTERERS AND CEMENT MASONS LOCAL NO. 18 PENSION PLAN<br><br>Plaintiffs,<br><br>v.<br><br>CUSTOM CURBS, INC., D/B/A VAN HUSS CUSTOM CONCRETE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES Plaintiffs, EMPLOYERS AND ILLINOIS OPERATIVE PLASTERERS AND CEMENT MASONS LOCAL 18 ANNUITY FUND et al, by its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant CUSTOM CURBS, INC., D/B/A VAN HUSS CUSTOM CONCRETE and states as follows:

1. This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., as amended, in particular 29 U.S.C. § 1145 (Section 515 of ERISA), and is a civil action to recover employer contributions or payments owed to the Plaintiff.

2. Plaintiffs are employee benefit funds administered pursuant to the terms and provisions of a Restated Agreement and Declaration of Trust and is required to be maintained in

accordance with the provisions of the Labor Management Relations Act of 1947, as amended from time to time, and ERISA.

3. Venue for civil actions like the present action is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. Plaintiffs' plan is administered in Sangamon County, Illinois at the address of 3101 Greenhead Drive, Springfield, IL 62711, which is located within the venue of the District Court for the Central District of Illinois.

6. Plaintiffs receive contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

7. Plaintiffs provide retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Plaintiff on behalf of their employees.

8. The Defendant, CUSTOM CURBS, INC., D/B/A VAN HUSS CUSTOM CONCRETE is an Illinois corporation doing business in Illinois.

9. Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

10. The business address for Defendant is Springfield, Illinois.

11. Defendant employs individuals who perform bargaining unit work for which fringe benefit contributions are owed under the provisions of a collective bargaining agreement to which Defendant is a party or otherwise bound (the "collective bargaining agreement").

12. Defendant is required under the collective bargaining agreement and trust agreement, to report hours worked by its employees and make prompt payment of the fringe benefit contributions owed to the Plaintiff. Specifically, Defendant is required to submit fringe benefit

remittance reports and to pay required contributions by the 15th of the month following the month in which the obligation to contribute arose (i.e. the month during which a covered employee received pay).

13. Pursuant to §1145 of ERISA, the Defendant is required to pay fringe benefit contributions to the Plaintiff in accordance with the terms and conditions of the trust agreement. (*See* 29 U.S.C. §1145).

14. Defendant has failed to file all required reports of its contributions to Plaintiffs, or to make payment of all required contributions, for the period of January 2017 through current.

15. The failure to submit these reports, as well as the applicable payments, is a breach of the collective bargaining agreement and trust agreement.

16. Since Defendant has not submitted all necessary reports, the full amount of contributions owed is unknown.

17. Moreover, Defendant remitted and paid some months of contributions from January 2017 through December 2018, but said contributions were not paid timely.

18. Pursuant to Plaintiffs' trust agreement, which allows for the assessment of liquidated damages for delinquent contributions, and 29 U.S.C. §1132(g)(2)(C)(ii) which allows for the assessment of liquidated damages up to twenty percent (20%) and interest for all contributions not paid timely, Defendant owes Plaintiffs $12,540.45 in liquidated damages and interest for failure to timely remit the contributions for January 2017 through current.

19. Plaintiffs have made demands upon Defendant for the contributions, report forms, liquidated damages, and interest but Defendant has failed to satisfy said demands.

20. Pursuant to the terms of Plaintiff's trust agreement and ERISA, 29 U.S.C. §132(g)(2), the Defendant is liable for reasonable attorneys' fees and costs incurred in the

collection process, including, but not limited to, court fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \* \* \*
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –
>
> **(i)** interest on the unpaid contributions, or
>
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiff prays as follows:

A. That judgment is entered in favor of Plaintiff, EMPLOYERS AND ILLINOIS OPERATIVE PLASTERERS AND CEMENT MASONS LOCAL 18 ANNUITY FUND et al and against CUSTOM CURBS, INC., D/B/A VAN HUSS CUSTOM CONCRETE for all amounts identified in the reporting forms for January 2017 through current as well as the applicable liquidated damages and interest;

B. That Defendant is ordered to submit all report forms for the time of January 2017 through current.

C. That CUSTOM CURBS, INC., D/B/A VAN HUSS CUSTOM CONCRETE is ordered to pay to the Plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

D. That CUSTOM CURBS, INC., D/B/A VAN HUSS CUSTOM CONCRETE is ordered to pay to the Plaintiff all of Plaintiff's costs attendant to these proceedings;

E. That Plaintiff is awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

Respectfully submitted,

EMPLOYERS AND ILLINOIS OPERATIVE PLASTERERS AND CEMENT MASONS LOCAL 18 ANNUITY FUND, Plaintiff,

By: s/ Jacob A. Blickhan
JACOB A. BLICKHAN
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 West Jefferson
Springfield, IL 62705
Telephone (217) 544-1771
Facsimile (217) 544-9894
jacobblickhan@cavanagh-ohara.com